## PETERSON v. COMMISSIONER OF INTERNAL REVENUE (two cases).

### Nos. 10032, 10033.

.Circuit Court of Appeals, Eighth Circuit.

March 25, 1935.

WOODROUGH, Circuit Judge, dissenting.

———◆———

Homer Hendricks, of Washington, D. C., and James G. Nye, of Duluth, Minn. (Oscar Mitchell and Mitchell, Gillette, Nye & Harries, all of Duluth, Minn., on the brief), for petitioners.

J. Louis Monarch, Sp. Asst. to Atty. Gen. (Frank J. Wideman, Asst. Atty. Gen., and Maurice J. Mahoney, Sp. Asst. to Atty. Gen., on the brief), for respondent.

Before SANBORN, WOODROUGH, and BOOTH, Circuit Judges.

BOOTH, Circuit Judge.

There are here two petitions for review of decisions of the United States Board of Tax Appeals.

The Board held that there was a deficiency in the income taxes for the calendar year 1928 of E. C. Peterson in the amount of $15,982.31, and of L. T. Peterson in the amount of $15,974.76.

. There were also involved the income taxes of A. F. Peterson, but by stipulation that matter has been disposed of.

The petitions were submitted on an agreed statement of facts, and are companion cases, or at least very closely allied, to Minnesota Tea Company v. Commissioner (C. C. A.) 76 F.(2d) 797.

The following facts appear: The three Petersons owned the entire stock of the Minnesota Tea Company for several years prior to 1928. On August 23, 1928, the Minnesota Tea Company transferred all of its assets to the Grand Union Company, receiving 18,000 shares of common stock of the Grand Union Company and $426,842.52 in cash.·

Upon the completion of the transaction the cash received from the Grand Union Company was immediately distributed by the Minnesota Tea Company to its stockholders, pursuant to a resolution of the stockholders passed at a special meeting; the stockholders assuming the debts of the corporation amounting to $106,471.73.

The amounts received and the liabilities assumed by each of the stockholders of the Minnesota Tea Company were as follows:

| Stockholders | Cash Received | Liabilities Assumed | Net Receipts |
|---|---|---|---|
| E. C. Peterson... | $197,505.93 | $ 49,270.37 | $148,235.56 |
| A. F. Peterson... | 31,830.66 | 7,930.99 | 23,899.67 |
| L. T. Peterson... | 197,505.93 | 49,270.37 | 148,235.56 |
| | $426,842.52 | $106,471.73 | $320,370.79 |

The amount of undistributed earnings and profits of the Minnesota Tea Company immediately prior to the exchange was $109,442.83.

The Commissioner held that the entire net receipts of $320,370.79 were out of earnings and profits; and the deficiencies were computed on the basis of taxing the entire amount of $320,370.79 as a dividend.

Two contentions are involved in these petitions: The first is that the transaction whereby the Minnesota Tea Company exchanged its assets for stock of the Grand Union Company and cash was a reorganization.

This is the same question that was involved in Minnesota Tea Company v. Commissioner (C. C. A.) 76 F.(2d) 797, and has been decided in favor of the contention of petitioners (opinion filed as of the same date with this opinion).

The second contention involves the question: If the Minnesota Tea transaction is held to be a reorganization, petitioners conceding that a part of the distribution is taxable as a dividend, whether any part of the balance is taxable as a capital gain.

It appears from the record that the controversy was submitted to the Board of Tax Appeals on the assumption that there was a reorganization of the Minnesota Tea

Company; but it further appears that the Board of Tax Appeals held that there was in fact no reorganization; and it further appears that the redetermination by the Board of Tax Appeals of the tax deficiencies of petitioners was on the basis of no reorganization of the Minnesota Tea Company, and that no redetermination of deficiency has been made by that Board on the basis that there was a reorganization; in other words, the question whether all of this net cash should be taxed as dividends if the Minnesota Tea transaction should be held to be a reorganization was neither considered nor decided by the Board.

Under the circumstances, and in view of the holding of this court in Minnesota Tea Co. v. Com'r, 76 F.(2d) 797, that there was a reorganization, it is deemed advisable by this court that these petitions for review be granted, that the orders of the Board of Tax Appeals redetermining deficiencies as to petitioners be reversed, and the causes remanded to the Board of Tax Appeals with instructions for further proceedings not inconsistent with the foregoing opinion.

It is so ordered.

WOODROUGH, Circuit Judge, dissents on the grounds indicated by dissenting opinion in Minnesota Tea Company v. Commissioner of Internal Revenue (C. C. A.) 76 F.(2d) 797.